Filed
4/7/2022 5:31 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Sylvie Le

Cause No. 22-DCV-292556

| | | |
|---|---|---|
| Rose Bui | § | In the District Court of |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Fort Bend County, Texas |
| | § | |
| Floor and Décor Outlets of America, Inc. | § | |
| d/b/a Floor and Décor, and John Doe | § | |
| | § | Fort Bend County - 240th Judicial District Court |
| Defendants | § | _____ Judicial District |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Rose Bui ("Plaintiff") complains of Defendant Floor and Décor Outlets of America, Inc. d/b/a Floor and Décor, and John Doe ("Defendants") and would respectfully show the Court that:

### I.
### Discovery Control Plan

1.　Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### II.
### Jurisdiction and Venue

2.　The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because the incident forming the basis of this lawsuit occurred in Fort Bend County, Texas, and Defendant John Doe resides in Fort Bend County, Texas.

### III.
### Statement Regarding Monetary Relief Sought

3.　Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of less than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and

judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## IV.
## Parties

4.      Plaintiff Rose Bui is an individual who resides in Harris County, Texas.

5.      Defendant Floor and Décor Outlets of America, Inc. d/b/a Floor and Decor ("Floor and Décor") is a company doing business in Texas that may be served through its registered agent: CT Corporation System at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

6.      Defendant John Doe is an individual who resides in Fort Bend County, Texas.

## V.
## Causes of Action

7.      The events giving rise to this cause of action occurred on or about December 22, 2020. Plaintiff was an invitee at the Defendant's Floor and Decor store located at 3665 Highway 6, Sugarland, Texas 77478 ("the subject Floor and Decor store"). This was the subject Floor and Décor store at which Plaintiff was a customer in on the day of the incident.

8.      At that time, Defendant John Doe was working for Floor and Décor and was in the course and scope of his employment when the incident forming the basis of this lawsuit occurred. As such, Defendant Floor and Décor is vicariously liable for Defendant John Doe's negligence.

9.      Defendant John Doe was leading Plaintiff through the store while helping Plaintiff locate a product.

10.     As Plaintiff was following Defendant John Doe through the store, Plaintiff tripped and fell due to a hole in the store floor.

11.     As a result of the floor being negligently maintained, Plaintiff fell to the ground and suffered injuries.

2

12.     Defendant Floor and Décor, and John Doe are liable to Plaintiff under the theory of premises liability and negligence, but is not limited to, the following:

      a.      Negligently allowing the premises to become dangerous;

      b.      Negligently permitting the dangerous conditions to exist;

      c.      Failing to keep the store floor in a reasonably safe condition by keeping the floor free of slippery conditions, substances and/or debris;

      d.      Failing to inspect the premises to discovery the existence of the hole in the floor;

      e.      Failing to correct the condition by taking reasonable measure to safeguard customers who enter the premises;

      f.      Failing to warn Plaintiff of the dangerous condition;

      h.      Other acts and omissions constituting negligence.

13.     Plaintiff will show that, based on the above-described facts, Defendant Floor and Decor owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

14.     Plaintiff will show that, based on the above-described facts, Defendant John Doe owed Plaintiff a duty to warn her regarding the dangerous condition.

15.     As a result of Defendants' negligence, Plaintiff suffered serious bodily injuries.

## VI.
### Damages

16.     By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

      a.    Past and future medical expenses;

      b.    Past and future pain, suffering and mental anguish;

    c. Past and future physical impairment;

    d. Past and future physical disfigurement;

    e. Past lost wages and future loss of earning capacity.

17.    For the above reasons, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court as well as pre and post-judgment interest.

## VII.
## Jury Demand

18.    Plaintiff hereby demands a trial by jury and pays the appropriate jury fee.

## VIII.
## Request for Disclosure to Defendant

19.    Pursuant to Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or join.

## IX.
## Rule 193.7 Notice

20.    Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## X.
## Designated E-Service E-Mail Address

21.    The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): eservice@thehuynhlawfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid

## XI.
## Prayer

22     Plaintiff prays that this cause be set for trial before a jury, that she recover judgment of and

from Defendant for the actual damages in such amount as the evidence may show and the jury may

determine to be proper, together with prejudgment interest, post-judgment interest, costs of court,

and such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Paul Savinov*
PAVEL "PAUL" SAVINOV
SBN: 24086698
psavinov@thehuynhlawfirm.com
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@thehuynhlawfirm.com
6100 Corporate Drive, Suite 110
Houston, TX 77036
Tel.: (281) 702-8128
Fax: (281) 712-7170
E-Service E-Mail: eservice@thehuynhlawfirm.com
*Attorneys for Plaintiff*

5